IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN C. GREEN,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 6:16-cv-00075-AA

OPINION AND ORDER

Aiken, District Judge:

Plaintiff, Susan C. Green, seeks judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

/ / /

## BACKGROUND

Plaintiff protectively filed an application for DIB and SSI on April 18, 2009, alleging disability beginning March 10, 2008. Tr. 463. Plaintiff was insured under Title II through December 31, 2013. Tr. 465. Following a denial of benefits, plaintiff requested a hearing before an administrative law judge ("ALJ"). On March 28, 2012, the ALJ determined plaintiff was not disabled. Tr. 20. The Appeals Council denied plaintiff's request for review, making the ALJ's decision final. Tr. 1-6.

Plaintiff then filed a Complaint to Review and Set Aside Decision in U.S. District Court for the District of Oregon, where she requested that the Court review the administrative decision. On June 11, 2014, the Court issued an Opinion, Order, and Judgment, which reversed the ALJ's decision and remanded plaintiff's case for further proceedings. Tr. 548-555. The Court instructed the ALJ to review and weigh the medical opinion evidence as well as plaintiff's subjective complaints and residual functional capacity ("RFC"). The Court also directed the ALJ to determine whether plaintiff has any skills transferable to other work. Tr. 549.

Following the District Court's guidance, a new ALJ held a hearing to consider plaintiff's claim on July 30, 2015. The ALJ issued a decision on September 25, 2015, finding that plaintiff was not disabled under SSA through the last date insured. Tr. 474. The present appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, the reviewing court must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. Tr. 466-468; *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of August 6, 2011, through to her date last insured of December 31, 2013. Tr. 466; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff had the following severe impairments: Tarlov cyst disease; status post for aminotomy and fenestration of Tarlov's cysts at S2-3; sacral meningoceles; and mild lumbar disc desiccation. Tr. 466; 20 C.F.R. §§ 404.1525(a), 416.925(a) 404.1520(c), 416.925(c).

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 467; 20 C.F.R. §§ 404.1520(d). 416.925(d).

The ALJ then assessed plaintiff's RFC and found that through the date last insured,

> plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can stand and walk two hours in an eight-hour workday; can sit six hours in an eight-hour workday; needs the option to alternate between sitting and standing at will while remaining on task; can occasionally climb of [*sic*] ramps and stairs; but cannot climb ladders, ropes or scaffolds; can occasionally balance, bend, stoop, kneel, twist and turn; cannot crouch or crawl; can occasionally reach overhead with the dominant right upper extremity; can occasionally push and pull with the dominant right upper extremity; can have occasional exposure to vibration; and no exposure to hazards such as unprotected heights and moving mechanical parts. Tr. 468; 20 C.F.R §§ 404.1520(f), 416.920(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the vocational expert ("VE"), the ALJ found that plaintiff had acquired work skills from past relevant work that were transferrable to other occupations with jobs existing in significant numbers in the national economy, specifically occupations involving telephone sales or as an order clerk. Tr. 472-473. Accordingly, the ALJ found that plaintiff is not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to give a clear and convincing reason for rejecting plaintiff's subjective symptom testimony; (2) failing to give a clear and convincing reasons for rejecting the opinion of Dr. McAndrew, the treating doctor; and (3) the

Commissioner did not meet her burden of proof that plaintiff retains the ability to perform other work in the national economy. Pl.'s Br. 13.

I.   Plaintiff's Subjective Symptom Testimony

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons, supported by substantial evidence, for rejecting her subjective symptom statements concerning the extent and severity of her impairments. Pl.'s Br. 14. The ALJ stated that plaintiff was not credible because her statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the full record reviewed. Tr. 468-469.

When a claimant has medically documented impairments that could be reasonably expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

A. Activities of Daily Living

Plaintiff argues that her activities are not inconsistent with disability. She argues that carrying on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. Pl.'s Br. 14-15. Further, she argues that though she may be able to engage in these activities despite the

5 – OPINION AND ORDER

pain she experiences that does not mean she could concentrate on work or engage in similar activity for a longer period. Pl.'s Br. 15.

The ALJ found that plaintiff did not have limitation in her activities of daily living. Tr. 466. Plaintiff maintained her hygiene and self-care, independently went to church, drove, talked with friends and family on the phone or by text daily, accompanied her husband grocery shopping, was able to cook, Tr. 466, and went swimming when she visited California. Tr. 471. Further, plaintiff did not struggle with concentration. Tr. 467. The ALJ noted that she had read more books in the past two years than at any other time in her life. *Id.*

When looking at a claimant's functional limitations, an ALJ may consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. 20 C.F.R 404.1512 §§ (b)(iii), 416.912(b)(iii). Further, when a claimant's daily activities "are transferable to a work setting" or "contradict claims of a totally debilitating impairment," performance of those activities may serve as a basis for discrediting a claimant. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Here, the ALJ provided several specific examples of plaintiff's activities of daily living that he reasonably found were not consistent with plaintiff's claims of disabling pain symptoms. The ALJ's finding is supported by substantial evidence and is a clear and convincing reason for discrediting plaintiff's testimony.

/ / /

/ / /

B. Inconsistency with Objective Medical Record

Next, plaintiff argues that she continues to have pain despite her treatment and that her allegations are consistent with the objective findings. Pl.'s Br. 15-16. Plaintiff contends that the pain level she continues to experience, despite her treatment, is consistent with the objective medical findings. She also argues that the Order of the Appeals Council rejected the idea that plaintiff had not received the type of treatment that is expected of someone with similar complaints. Pl.'s Br. 15. Finally, plaintiff avers that the ALJ failed to consider the side-effects she experiences when she uses narcotic medication, which cause her to be fatigued during the day and make mistakes on simple finance work. Pl.'s Br. 16.

The ALJ found that plaintiff's description of debilitating symptoms she experienced are inconsistent with the record. Tr. 469. First, the ALJ noted that Dr. Daniel Rusu, plaintiff's pain management specialist, reported plaintiff had normal active and passive range of motion, and that her sensory examination was normal. *Id.* The ALJ also considered Dr. Raymond Nolan's assessment noting that Dr. Nolan found that plaintiff had normal gait; she had the ability to sit and stand without difficulty; she had the ability to tandem, toe and heel walk without difficulty; and her squat rise maneuver was normal. *Id.* at 470. Dr. Nolan concluded plaintiff was able to carry 20 pounds occasionally and 10 pounds frequently; she could stand and walk up to two hours in an eight-hour workday; she could sit six hours in an eight-hour workday; and with opportunity to change positions. *Id.*

Though the ALJ did not weigh Dr. McAndrew's testimony very heavily, he did note Dr. McAndrew's records, which showed that plaintiff was able to recover using minimal narcotic medications within six to eight months of surgery and that she was able to control her chronic

7 – OPINION AND ORDER

pain symptoms with conservative management without epidural injections or other surgical interventions. Tr. 469-470.

When reviewing a claim, the ALJ may consider objective medical evidence, the claimant's treatment history, as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284. The ALJ may also infer a claimant's pain is not as disabling as alleged when claimant reports not seeking aggressive treatment and not seeking an alternative treatment plan after discontinuing an effective medication due to mild side effects. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)). While variable interpretation of this evidence may exist, when the ALJ's analysis is nonetheless reasonable and it must be upheld. *See, Batson,* 359 F.3d at 1198. If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

Here, plaintiff complains of continuing pain even though she is seeking treatment, however, the ALJ reasonably found that the objective medical records shows that plaintiff is able to manage pain with a combination of prescribed medications or conservative medical treatment. Tr. 470. Additionally, medical records indicated that plaintiff had a range of motion that was only somewhat restricted and full motor strength in all her extremities. *Id.* In sum, because the ALJ's finding is reasonably supported by the objective medical evidence, there are clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements.

///

///

///

II. Rejection of Dr. McAndrew's Medical Opinion, Plaintiff's Treating Doctor

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of Dr. McAndrew, her treating doctor. Pl.'s Br. 17. Specifically, the ALJ should not have given greater weight to Dr. Nolan's opinion, an examining physician, because there is no indication that Dr. Nolan reviewed any records, in contrast to Dr. McAndrew, the treating physician. Pl.'s Br. 18.

While plaintiff avers that the Commissioner must provide clear and convincing reasons to discredit Dr. McAndrew, defendant argues the ALJ need only give a specific and legitimate reason for discrediting Dr. McAndrew's opinion. Def.'s Br. 8. To determine which standard is appropriate, this Court must first determine whether or not the examining doctor, Dr. McAndrew, was contradicted. *Garrison v. Colvin*, 759 F.3d 995, 1012 (2014). If there is a contradiction between the two doctors' opinions, then the ALJ may reject the treating physicians opinions if there are specific and legitimate reasons to do so. *Id.*

After an independent review of the record, the Court finds there were contradicting medical opinions. Here, Dr. McAndrew concluded that plaintiff could stand and walk less than two hours in an eight-hour workday, she could sit for three hours maximum during an eight-hour work day, and she could only occasionally lift ten pounds and never lift twenty pounds. Tr. 400. However, Dr. Nolan found plaintiff could stand or walk up to two hours in an eight-hour workday, plaintiff could sit for about six hour in an eight-hour work day, and plaintiff could lift ten pounds frequently and twenty pounds occasionally. Tr. 392-393. Because of these contradictions, the specific and legitimate standard is the appropriate standard.

Although the contrary opinion of a non-treating medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may

9 – OPINION AND ORDER

constitute substantial evidence when it is consistent with other independent evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989). In addition, it is well-established that "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957; *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may "permissibly reject . . . check-off reports that [do] not contain any explanation of the bases of their conclusions"). A specific and legitimate reason for rejecting a treating physician's opinions is that it is based on a claimant's subjective complaints, which have previously been discredited by the ALJ. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).

Here, the ALJ gave little weight to Dr. McAndrew's findings because Dr. McAndrew failed to provide any explanation as to how he reached them and his opinions were not consistent with the record as a whole. Tr. 471. Specifically, Dr. McAndrew's assessment of plaintiff's functional limitations far exceeded what the objective evidence supports. *Id.* Instead, the ALJ accepted the medical opinions of Dr. Rusu and specifically weighed Dr. Nolan's opinion more heavily because he provided detailed explanations of plaintiff's abilities and limitations. In contrast, the ALJ found Dr. McAndrew's medical opinions were based on plaintiff's subjective complaints, which the ALJ reasonably found not credible, as discussed above. The ALJ provided a specific and legitimate reason for rejecting the opinion of Dr. McAndrew. Accordingly, there is no error.

///

///

///

### III. Plaintiff's ability to perform "other work" in the national economy

Finally, plaintiff argues the Commissioner did not meet her burden of proving that she retains the ability to perform other work in the national economy. Pl.'s Br. 19. Essentially, plaintiff argues that the ALJ failed in his RFC determination and his step-five analyses.

The ALJ found that plaintiff is no longer able to perform her past relevant work but that she has an RFC to perform a limited range of light work. Tr. 473. Relying on the testimony of the VE, the ALJ found that plaintiff had transferrable work skills such as "maintaining records, completing sales forms, use of math, and use of computer skills." Tr. 472. As noted above, the ALJ concluded plaintiff could work in telephone sales or as an order clerk. Tr. 473. Plaintiff continues to aver that if the opinions of Dr. McAndrew and the statements of plaintiff were properly credited by the ALJ, then he would have been compelled to make a finding of disability.

As discussed above, the opinions of plaintiff and Dr. McAndrew were reasonably weighed and discredited by the ALJ. Accordingly, plaintiff's argument, which is contingent upon a finding of harmful error in regard to the issues discussed above, is without merit. The ALJ reasonably assessed plaintiff's RFC and step-five analyses based upon the limitations supported by the record. This court finds no error in the ALJ's overall assessment.

///

///

///

///

///

11 – OPINION AND ORDER

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 30th day of May 2017.

*/s/ Ann Aiken*
ANN AIKEN
United States District Judge